UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADWA HASSAN FAWAZ,

       Plaintiff,

v.

                                      Case No. 24-cv-13248
                                      HON. MARK A. GOLDSMITH

UNITED STATES DEPARTMENT
OF STATE, et al.,

       Defendants.

_____/

## OPINION & ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 7)

Plaintiff Fadwa Hassan Fawaz brings this writ of mandamus action to compel Defendants to adjudicate her daughter Diala Nasser Fawaz's visa application.[1] See Compl. (Dkt. 1). Before the Court is Defendants' motion to dismiss (Dkt. 7).[2] For the reasons set forth below, the Court grants the Defendants' motion.

### I.      BACKGROUND

Fawaz, a United States citizen, filed an I-130 petition with U.S. Citizenship and Immigration Services (USCIS), on November 26, 2014, on behalf of her daughter Diala, a citizen and resident of Lebanon. Compl. ¶¶ 10, 12–13. USCIS approved the petition on April 16, 2015, and then forwarded it for processing to the United States Department of State's National Visa Center (NVC). Id. ¶¶ 15–16. Diala appeared for a visa interview at the U.S. Embassy in Lebanon

---

[1] Defendants include the United States Department of State, United States Embassy in Beirut, Lebanon, the Secretary of State, and the United States Ambassador at the Embassy in Beirut, Lebanon. The individuals are sued in their official capacities. Compl. ¶¶ 3–6.

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Fawaz's response (Dkt. 9) and Defendants' reply (Dkt. 10).

on or about March 8, 2024.  Id. ¶¶ 16–17.  Following the interview, the consular officer requested

additional information and shortly after Diala submitted a completed Form DS-5535.  Id. ¶ 17.

Fawaz alleges that the agency has refused to issue a final decision on the case despite Fawaz's

attempts to obtain a decision on the matter.  Id. ¶¶ 17–18.  Fawaz seeks an order compelling agency

action under the Administrative Procedure Act ("APA") and the Mandamus Act.  Id. ¶¶ 20–30, 7.

Fawaz also brings a due process claim under the Fifth Amendment.  Id. ¶ 31–35.

## II.      ANALYSIS[3]

### A.  Administrative Procedure Act

The APA commands that "within a reasonable time, each agency shall proceed to conclude

a matter presented to it."  5 U.S.C. § 555(b).  The APA allows courts to "compel agency action

unlawfully withheld or unreasonably delayed[.]"  5 U.S.C. § 706(1).  "[A] claim under § 706(1)

can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action

that it is required to take."  Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004) (punctuation

modified).

"When resolving whether an agency action has been unreasonably delayed, the federal

courts consider six factors from TRAC v. FCC, 750 F.2d 70 (D.C. Cir. 1984)[.]"  Barrios Garcia

v. U.S. Dep't of Homeland Sec., 25 F.4th 430, 451 (6th Cir. 2022).

Plaintiff argues that the TRAC factor analysis should be conducted following discovery.

Resp. at PageID.82–83.  The Court disagrees.  The Sixth Circuit has cautioned that "[a] claim of

---

[3] To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The plausibility standard requires courts to accept the alleged facts as true and to make all reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." Id. (punctuation modified).

However, the Sixth Circuit's caution is not a prohibition. The Sixth Circuit applied the TRAC factors in evaluating a motion to dismiss in Barrios Garcia. 25 F.4th at 451–452. Other courts in this district have done the same. See, e.g., Yafai v. U.S. Dep't of State, No. 23-13199, 2024 WL 2806948, at *4–5 (E.D. Mich. May 31, 2024) (applying TRAC factors at the motion to dismiss stage); Stone v. Blinken, No. 23-12181, 2024 WL 3556183, at *4 (E.D. Mich. July 26, 2024) (same); Al Awbathani v. U.S. Dep't of State, No. 24-11838, 2025 WL 2679960, at *4 (E.D. Mich. Sept. 18, 2025) (same); Ahmed v. Blinken, No. 23-11860, 2024 WL 4172525, at *3 (E.D. Mich. Sept. 12, 2024) ("And, importantly, the Sixth Circuit applied the TRAC factors on a motion to dismiss in Barrios Garcia. Accordingly, the Court will do so here.").

A court at the motion to dismiss stage is "not determining whether there has been an unreasonable delay; rather, it is determining whether plaintiffs' complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." Yafai, 2024 WL 2806948, at *4 (punctuation modified). Thus, it is appropriate to use the TRAC factors at this stage to assess whether the Plaintiff has alleged sufficient facts to state a plausible claim for unreasonable delay.

### 1. TRAC Factors

Though not "ironclad," the following factors are meant to provide guidance in assessing claims of agency delay:

(1) the time agencies take to make decisions must be governed by a 'rule of reason;'

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

3

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

TRAC, 750 F.2d at 80 (punctuation modified).

### a.  Factors One and Two

"Many courts consider the first TRAC factor—that the time agencies take to make decisions must be governed by a rule of reason—to be the most important."  Ahmed, 2024 WL 4172525, at *4.  The second factor, whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed,"… "may supply content for [the agency's] rule of reason."  TRAC, 750 F.2d at 80.  The first and second factors are typically considered together.  Stone, 2024 WL 3556183, at *4.

As to the second factor, the parties agree that "there is no statutory or regulatory timeframe within which the State Department must adjudicate visa applications."  Mot. at PageID.49; Resp. at PageID.84.  Because there is no firm timetable for adjudication, "courts typically turn to case law as a guide" to evaluate the first two factors.  Yafai, 2024 WL 2806948, at *5 (punctuation modified).  In considering the first two factors, in other contexts, courts have "generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."  Didban v. Pompeo, 435 F. Supp. 3d 168, 176 (D.D.C. 2020) (citation omitted); see also Yafai, 2024 WL 2806948, at *5 (noting the same in the context of delay associated with I-130 petition and form DS-5535).

The parties disagree on the length of the delay.  Farwaz argues that the delay is egregious and unreasonable because the case has been pending since November 2014.  Resp. at PageID.83– 84.  The Defendants measure the delay since the date of Diala's visa interview in March 2024.  Reply at PageID.104.  The Court agrees with Defendants.  Courts consistently start the clock on the date of the last agency action.  See, e.g., Al Awbathani, 2025 WL 2679960, at *5 (calculating the delay from the date of last agency action to the time of the court's ruling); see also Babaei v. U.S. Dep't of State, 725 F. Supp. 3d 20, 31 n.10 (D.D.C. 2024) (collecting cases).  Since the last agency action on Diala's application occurred in March 2024, the delay here is some 24 months— less than the three-to-five-year period that courts have often found reasonable in the immigration context.

The first and second factors weigh in favor of Defendants.

### b.  Factors Three and Five

The third and fifth TRAC factors concern "health, welfare, and prejudice[,]" Barrios Garcia, 25 F.4th at 452, and "both consider the effects of delay."  Milligan v. Pompeo, 502 F. Supp. 3d 302, 319 (D.D.C. 2020).  Courts have found that the third and fifth TRAC factors weigh in favor of plaintiffs when they allege concrete injuries to their familial and financial interests as a result of the delay.  See Rashidian v. Garland, No. 23-1187, 2024 WL 1076810, at *9 (D.D.C. Mar. 8, 2024).  "Separation from loved ones is an 'undeniably significant' interest in immigration cases."  Ahmed v. Blinken, 759 F. Supp. 3d 1, 14 (D.D.C. 2024) (punctuation modified).

Farwaz alleges additional facts in an affidavit in her opposition to the motion to dismiss.  Farwaz Aff. at PageID.98–100 (Dkt. 9-1).  The affidavit includes facts not pled in the Complaint, such as Diala's pregnancy, her living in Saudi Arabia, Fawaz's chronic neck and back pain, the costs of international flights, and Fawaz's ailing husband.  But these facts are not properly before

the Court.  "[A]ffidavits attached to briefs may not properly be considered at the motion to dismiss stage."  Kelly v. Valeo N. Am., Inc., No. 24-11066, 2025 WL 933943, at *5 (E.D. Mich. Mar. 27, 2025) (punctuation modified).

In her complaint, Fawaz alleges that because of the delay and subsequent separation she has suffered "significant emotional and financial hardship" along with "feelings of loneliness and isolation."  Compl. ¶¶ 34–35.  Although Farwaz has "an interest in prompt adjudication, so too do many others facing similar circumstances."  Stone, 2024 WL 3556183, at *5 (punctuation modified); see also Rashidian, 2024 WL 1076810, at *9 (concluding plaintiffs' "concrete injuries to their educational, familial, financial, and professional interests" do not "plausibly outweigh the other factors favoring [d]efendants" where the plaintiffs' injuries are "not so extreme or unusual").

Thus, the third and fifth factors only slightly favor Fawaz.

### c. Factor Four

"Courts typically afford 'great weight' to the fourth factor, which considers the effect the relief requested would have on other agency activities of a similar or higher priority."  Stone, 2024 WL 3556183, at *6 (punctuation modified); TRAC, 750 F.2d at 8.  Other courts in this district have found that this factor favors defendants when "a judicial order putting a plaintiff's application at the head of the queue would move all others back one space and produce no net gain."  Yafai, 2024 WL 2806948, at *5 (punctuation modified); see also Telukunta v. Mayorkas, No. 21-10372, 2021 WL 2434128, at *3 (E.D. Mich. June 15, 2021) ("Allowing Plaintiff to cut the line would create a zero-sum game that delays the adjudication of visa applicants already ahead of Plaintiff in the queue.").

Defendants argue that advancing Diala's case would simply benefit Fawaz to the detriment of other applicants.  Mot. at PageID.52.  Fawaz points out that Defendants have provided no

6

evidence that adjudicating Diala's application will place her ahead of similarly situated applicants nor any evidence of the line Farwaz is supposedly cutting. Resp. at PageID.91–92. It is not necessary that Defendants demonstrate evidence of line-cutting for factor four to weigh in their favor as it is inherent to requesting that Farwaz's claim be adjudicated prior to others. See Baygan v. Blinken, No. 23-2840, 2024 WL 3723714, at *7 (D.D.C. Aug. 8, 2024) (concluding that granting relief to plaintiff "will necessarily result in the line-jumping concerns" without the need for "detailed information" from the State Department). Other courts in this district have also found that the fourth factor favors defendants in similar cases in the I-130 petition context. See, e.g., Stone, 2024 WL 3556183, at *6; Yafai, 2024 WL 2806948, at *5; Ahmed, 2024 WL 4172525, at *6.

Although Fawaz is within her right to file claims under the APA and Mandamus Act, she has not alleged any facts that Defendants "have treated [her] differently than any other visa applicants facing similar circumstances." Id. Nor has she "alleged any basis to believe [s]he was singled out for slower adjudication." Al Awbathani, 2025 WL 2679960, at *8 (punctuation modified). Without such allegations to "alleviate the line-jumping concern," the fourth factor favors the Defendants. Id. (punctuation modified).

### d. Factor Six

The sixth factor—that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed," is inapplicable or neutral here as Farwaz concedes that she does not allege any bad faith on the part of Defendants. TRAC, 750 F.2d at 80 (punctuation modified); Resp. at PageID.92; see Al Awbathani, 2025 WL 2679960, at *8 ("[T]his Court follows the decisions in Ahmed, Telukunta, and decisions from other districts that have found this factor to be neutral" "when there is no allegation of impropriety or bad faith.").

7

Only the third and fifth <u>TRAC</u> factors plausibly favor Fawaz, but the Court finds that they "do not carry the day." <u>Yafai</u>, 2024 WL 2806948, at *5 (finding that plaintiffs have not plausibly stated a claim for unreasonable delay when only the third and fifth factors favor them) (punctuation modified).

Fawaz has not plausibly stated a claim for unreasonable delay and the APA claim must be dismissed.

### 2.  Mandamus Act

Fawaz also seeks a writ of mandamus based on 28 U.S.C. § 1361 which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "Mandamus is only available if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." <u>See Carson v. U.S. Off. of Special Couns.</u>, 633 F.3d 487, 491 (6th Cir. 2011).  "When a petitioner seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits."  <u>Nelson v. U.S.</u>, 107 F. App'x 469, 471 (6th Cir. 2004).

Because Farwaz could not establish unreasonable delay under the APA, her request for mandamus fails for the same reasons.

### 3.  Due Process

The Fifth Amendment guarantees that "no person shall be…deprived of life, liberty, or property, without due process of law…." U.S. Const. amend. V.  As a threshold matter to asserting either a substantive or procedural due process claim, a plaintiff must first identify a protected liberty interest.  <u>See Springs v. U.S. Dep't of Treasury</u>, 567 Fed.Appx. 438, 448 (6th Cir. 2014).

Fawaz contends that she has a "vested interest in the adjudication of her daughter's visa application." Resp. at PageID.94. The Supreme Court held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." Dep't of State v. Muñoz, 602 U.S. 899, 909 (2024). Prior to this decision, the Sixth Circuit reached the same conclusion and found that "American residents—whether citizens or legal residents—do not have a constitutional right to require the National Government to admit noncitizen family members into the country." Baaghil v. Miller, 1 F.4th 427, 433 (6th Cir. 2021). Plaintiff argues that "[u]nlike in Munoz, the alleged interest in this is adjudication, rather than for her daughter to be admitted to the country." Resp. at PageID.94. Courts, however, have used Muñoz to dismiss similar due process claims while the plaintiff's relative awaited adjudication. See e.g., Kane v. U.S. Att'y Gen., No. 23-14192, 2024 WL 3650239, at *7–8 (11th Cir. Aug. 5, 2024) (holding that Muñoz controlled due process claim regarding adjudication of I-130 petition); Stone, 2024 WL 3556183, at *7 (same).

Furthermore, the out-of-circuit case law that Farwaz cites in her brief are distinguishable to her case or their validity is uncertain under Muñoz. Farwaz urges this Court to "follow" Cruz v. Sullivan, an out-of-district case recognizing that "fundamental fairness in administrative proceedings is a prerequisite for judicial recognition of its results." 802 F. Supp. 1015, 1017 (S.D.N.Y. 1992). Cruz involved a claim for review of denial of disability benefits. Id. at 1016. That is not the case here. Diala has not been denied a visa. Rather, the visa petition remains in administrative processing. Compl. ¶ 25. Farwaz also cites a Ninth Circuit case, Bustamante v. Mukasey, 531 F.3d 1059 (9th Cir. 2008), for the proposition that "a U.S. citizen has a protected liberty interest in [their] [relative status] that gives rise to a right to constitutionally adequate procedures in the adjudication of [their] visa application.["] Resp. at PageID.93–94. But courts

9

have started to question whether this holding still stands in light of <u>Muñoz</u>.  <u>See</u> <u>Mirzaie v. U.S.</u>

<u>Dep't of State</u>, No. 24-00830, 2025 WL 901697, at *12 (C.D. Cal. Mar. 21, 2025) (finding that

<u>Muñoz</u> abrogated the Ninth Circuit's decision in <u>Bustamante</u> and its progeny).

The Court concludes that Farwaz has not plausibly stated a due process claim, and it must

be dismissed.

### III.    CONCLUSION

For the reasons explained above, the Court grants Defendants' motion to dismiss (Dkt. 7).

The case is closed.

**SO ORDERED.**

Dated: March 23, 2026       s/Mark A. Goldsmith
Detroit, Michigan         MARK A. GOLDSMITH
              United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2026.

          s/Joseph Heacox
          JOSEPH HEACOX
          Case Manager